## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

| | | |
|---|---|---|
| JEREAL LANE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | No. 5:16CV00285-JJV |
| | * | |
| GREG BOLIN, Chief, | * | |
| Dub Brassel Detention Center; *et al.*, | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM AND ORDER

### I.   INTRODUCTION

Jereal Lane ("Plaintiff") brings this action *pro se* and under 42 U.S.C. § 1983. (Doc. No. 2.) He alleges Defendants, officials at the W.C. "Dub" Brassell Adult Detention Center, failed to provide him with appropriate medical treatment after he sustained injuries in a beating by other inmates. (*Id*. at 4.) He also alleges he was moved to a different pod after the beating and was without shoes and a blanket for two days following the move. (*Id*.) Plaintiff seeks to be "paid and released" for these alleged violations. (*Id*. at 5.) Defendants Greg Bolin, Edward Adams, Brooks,[1] and L. Evans[2] have filed a Motion for Summary Judgment, contending they are entitled to judgment as a matter of law on Plaintiff's claims. (Doc. No. 16.) Plaintiff has not responded, and this matter is now ripe for a decision. For the following reasons, I find summary judgment is appropriate and this action is dismissed.

---

[1] This Defendant's full name is Wednesday Brooks. (Doc. No. 7 at 1.) The Clerk is directed to amend the docket to reflect her full name.

[2] This Defendant's full name is Lanetra Evans. (Doc. No. 7 at 1.) The Clerk is directed to amend the docket to reflect her full name.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III. ANALYSIS

### A. Official Capacity Claims

First, Plaintiff has sued Defendants in both their personal and official capacities. (Doc. No. 2 at 2.) Official capacity suits "generally represent only another way of pleading an action against

an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690, n. 55 (1978)).  As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity.  *Id*. at 166.  Thus, Plaintiff's official capacity claims against Defendants are to be treated as claims against Jefferson County. Section 1983 liability against municipalities and other local government units is limited:

> Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.  Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.

*Monell*, 436 U.S. at 690-91.  A municipality cannot be held liable under § 1983 on a *respondeat superior* theory.  *Id*. at 691.  *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535-36 (8th Cir. 1999).

Plaintiff has not identified any official policy or unofficial custom of Jefferson County that caused or contributed to his alleged injuries.  Accordingly, his official capacity claims against Defendants must be dismissed.

      **B.**    **Personal Capacity Claims**

Defendants contend they are entitled to judgment as a matter of law on Plaintiff's claims against them in their personal capacities because Plaintiff has not and cannot demonstrate there was a constitutional violation. (Doc. No. 17 at 1.)  Defendants argue Plaintiff has failed to show a violation on both his claim involving medical care and his claim involving conditions of confinement.  (*Id*. at 8, 10.)

1.   Medical Care

Plaintiff alleges he was booked into the detention center on July 14, 2016, and was awakened and beaten by several inmates on the night of July 15, 2016. (Doc. No. 2 at 4.) He lists his injuries as two black eyes, a busted eardrum, and swelling of the brain. (*Id.*) He claims he informed several officials of his need for medical treatment but did not receive "the proper treatment." (*Id.*)

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes.[1] *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991). A prisoner advancing an Eighth Amendment claim based on medical care must, at a minimum, allege "deliberate indifference" to his "serious" medical needs. *Id.* at 297. Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed. *Id*. at 104-05. However, an inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain." *Id*. at 105. Where an alleged constitutional violation is premised on a delay in providing access to medical care, the plaintiff must show that officials ignored an acute or escalating situation involving a serious medical condition. *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990).

---

[1] Because Plaintiff was a pretrial detainee at the time of the alleged constitutional violations (Doc. Nos. 2 at 3, 18 at 1), his claims are properly analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam). Nonetheless, the same "deliberate indifference" standard has been held to apply. *Id*. at 152-53 (citing *Johnson-El v. Schoemehl*, 878 F.2d 1043 (8th Cir. 1989)).

Defendants contend they are entitled to summary judgment on this claim because Plaintiff has not shown they were deliberately indifferent to a serious medical need. The evidence submitted in support of Defendants' Motion supports this contention. Plaintiff sought medical attention on July 16, 2016, stating he had been "jumped" by six inmates and was suffering from a "brain concu[ss]ion," two black eyes, and blood clots in his ears. (Doc. No. 17-2 at 1.) He was seen in the infirmary that same day. (Doc. No. 17-3 at 1.) There, Plaintiff informed a nurse he had been in a fight the night before and had also been beaten up before he came to jail. (*Id*.) The nurse noted Plaintiff appeared "high," with glossy red eyes; his face was swollen with bruising around the eye; his vital signs were stable, with no signs or symptoms of distress and no shortness of breath; and he had no open areas or cuts. (*Id*.) The nurse noted Plaintiff's complaint that he could not hear; a doctor was called and prescribed ibuprofen and amoxicillin. (*Id*., Doc. No. 17-4 at 1.) The nurse also provided Plaintiff with ice and continued to monitor him. (Doc. No. 17-3 at 1.)

The record shows Plaintiff sought and received medical attention for various other ailments after the mid-July 2016 incident, including short bowel syndrome, low iron and other vitamin deficiencies, trouble sleeping, heartburn, stomach pain, and anxiety. (Doc. Nos. 17-5, 17-6, 17-7, 17-8, 17-10, 17-11, 17-12, 17-13, 17-14, 17-15, 17-16.) He complained of headaches on August 22, 2016, and August 24, 2016, but it is unclear whether these were connected to the July 2016 beating. (Doc. Nos. 17-17 at 1, 17-19 at 1.) He was prescribed naproxen for the pain on those occasions. (*Id*.)

Defendants' evidence, which Plaintiff has not rebutted, demonstrates there is no genuine issue of material fact. The record is clear there was no denial of medical treatment, nor was there any delay; Plaintiff sought medical attention the day after he sustained injuries and was seen and

5

treated in the infirmary that same day. Additionally, he received timely treatment for every other ailment he complained of during his incarceration. While the record is generally construed in Plaintiff's favor, the Court is not required to accept his version of the facts if it is so blatantly contradicted by the record that no reasonable jury could believe it. *See Jones v. McNeese*, 675 F.3d 1158, 1162 (8th Cir. 2012). Assuming Plaintiff's complaint is that he did not receive appropriate treatment, a showing of deliberate indifference requires more than mere disagreement with treatment decisions. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). Even if pain medication, antibiotics, ice, and monitoring were inadequate to treat bruising and swelling to the face, medical malpractice does not become a constitutional violation merely because the victim is a prisoner. *Estelle*, 429 U.S. at 106.

Because Plaintiff has failed to demonstrate the existence of specific facts that create a genuine issue for trial, Defendants are entitled to judgment as a matter of law on Plaintiff's personal-capacity claims regarding medical care.

    2.    Conditions of Confinement

Plaintiff states he was moved to a different pod on July 16, 2016, presumably because of the beating that had taken place the night before. (Doc. No. 2 at 4.) He alleges he was moved without his shoes and blanket and it took two days for him to receive them. (*Id.*)

The Constitution "does not mandate comfortable prisons"; it prohibits "inhumane ones." *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). To establish that a prisoner's conditions of confinement violate the Eighth Amendment,[3]

---

[3] Again, because Plaintiff was a pretrial detainee at the time of the alleged constitutional violations (Doc. Nos. 2 at 3, 18 at 1), his claims are governed by the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's prohibition against cruel and unusual punishment. *See Bell v. Wolfish*, 441 U.S. 520, 535-36 (1979) (noting a pretrial detainee may not be punished in accordance with due process but may be subject to "the restrictions and conditions

the prisoner must show (1) the alleged deprivation is objectively, sufficiently serious, resulting in the denial of the minimal civilized measure of life's necessities, and (2) prison officials were deliberately indifferent to an excessive risk to inmate health or safety, meaning the officials actually knew of and disregarded the risk.  *Id*.  Thus, Plaintiff must establish both an objective element, which asks whether the deprivation was sufficiently serious, and a subjective element, which asks whether Defendants acted with a sufficiently culpable state of mind.  *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993) (citing *Wilson*, 501 U.S. 294).

Defendants contend they are entitled to judgment as a matter of law on Plaintiff's conditions claim because being without shoes and a blanket for two days does not rise to the level of a constitutional deprivation.  I agree.  Plaintiff's claim fails on the objective element because the lack of shoes and a blanket for a two-day period does not amount to a denial of the minimal civilized measure of life's necessities.  *See Williams*, 49 F.3d at 445-46 (plaintiff was not denied minimal civilized measure of life's necessities when he was held in cell for four days without clothing or bedding).  The claim also fails on the subjective element; Plaintiff has not shown or even alleged there was an excessive risk to his health or safety, nor has he shown or alleged Defendants knew of a risk and disregarded it.  According to Plaintiff's Complaint, an official named Webster moved him to the new pod.  (Doc. No. 2 at 4.)  He does not allege any of the named Defendants were even aware he was without shoes and a blanket.  For these reasons, Defendants are entitled to judgment as a matter of law on Plaintiff's personal-capacity claims alleging unconstitutional conditions of confinement.

---

of the detention facility" so long as they do not amount to punishment or otherwise violate the Constitution).  But the same "deliberate indifference" standard has been held to apply.  *See, e.g.*, *Whitnack v. Douglas Cty.*, 16 F.3d 954, 957 (8th Cir. 1994).

In summary, Plaintiff's claims against Defendants in their official capacities must be dismissed because he has not identified any official policy or unofficial custom of Jefferson County that caused or contributed to his alleged injuries. Plaintiff's claims against Defendants in their personal capacities must be dismissed due to his failure to demonstrate a constitutional violation.

## IV.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. The Clerk amend the docket to reflect the full names of Defendants Wednesday Brooks and Lanetra Evans. (Doc. No. 7 at 1.)

2. Defendants' Motion for Summary Judgment (Doc. No. 16) is GRANTED.

3. Plaintiff's Complaint (Doc. No. 2) is DISMISSED with prejudice.

4. Pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal from this Order or accompanying Judgment would not be taken in good faith.

DATED this 24th day of May, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE